UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Treva Kirkbride,

     Plaintiff,                       Case No. 2:23-cv-3212

     v.                           Judge Michael H. Watson

Antero Resources Corporation,     Magistrate Judge Deavers

     Defendant.

## OPINION AND ORDER

Antero Resources Corporation ("Defendant") moves to dismiss Treva

Kirkbride's ("Plaintiff") Complaint. ECF No. 13. For the following reasons, the

motion is **DENIED**.

## I.    FACTS[1]

In 1988, Mr. and Mrs. Roe and Oxford Oil Company entered into an oil and

gas lease (the "Lease") for property the Roes owned in Noble County, Ohio.

Compl. ¶ 6, ECF No. 1. Through a series of assignments, the R and K Trust (of

which Plaintiff is the sole trustee) became the sole owner of the lessor interest in

the Lease, and Defendant became the sole owner of the lessee interest. *Id.*

¶¶ 6–8.

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendant's motion. *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (citation omitted).

Two of the relevant provisions of the Lease, as amended in 2014, require

Defendant to make certain royalty payments to the lessor. *Id.* ¶ 7. Those

provisions read as follows:

> Royalty: In consideration of the premises, the said parties covenant
> and agree as follows: Lessee shall deliver to the credit of Lessor, in
> tanks or pipelines, free of all costs and expenses except taxes
> applicable thereto, a royalty of fifteen percent (15%) of the oil
> produced.  Lessor shall receive on a monthly basis, as a royalty,
> fifteen percent (15%) of the proceeds realized at the well from the sale
> of all gas marketed from the premises.  Lessee shall have the option
> to make such payments on a quarterly basis if such monthly net
> royalty proceeds are less than $100.
>
> Cost Free Royalty: It is agreed between the Lessor and the Lessee
> that, notwithstanding any language herein to the contrary, **all**
> **royalties** for oil, gas, or other production accruing to the Lessor under
> this Lease **shall be paid without deduction, directly or indirectly,**
> **for the costs or expenses of Lessee relating to producing,**
> **gathering,  storing,  separating,  treating,  dehydrating,**
> **compressing, processing, transporting, and marketing the oil,**
> **gas and other products produced hereunder**.

*Id.* (emphasis added).

Plaintiff, on behalf of the R and K Trust, asserts an individual and class-

wide breach-of-contract claim against Defendant. *Id.* ¶¶ 13–34.  Plaintiff alleges

that Defendant miscalculated the royalty payments by improperly deducting

certain costs, which resulted in consistent underpayment of royalties to Plaintiff

and other potential class members. *Id.* ¶ 17.

## II.    STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s]

sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556.  A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).  At the motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted).  However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.    ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint.  ECF No. 13.  Much of Defendant's motion focuses on issues with a now-resolved appeal in related case, Case No. 2:22-cv-2251 (the "Appeal").  Because the Appeal is now over,

see ECF Nos. 46 & 47, Case No. 2:22-cv-2251, Defendant's arguments related to the Appeal are moot.[2]

In any event, Defendant also argues that the Complaint should be dismissed for failure to state a claim. In Defendant's view, the Complaint fails to plausibly allege all the elements of a breach-of-contract claim.

To establish a claim for breach of contract, the plaintiff must prove: (1) "the existence of a contract"; (2) "performance by the plaintiff"; (3) "breach by the defendant"; and (4) "damage or loss to the plaintiff as a result of the breach." *V&M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) (citing cases).

The Complaint states a breach-of-contract claim. Plaintiff has alleged that the parties had a contract: the lease agreement. Compl. ¶¶ 6–8, ECF No. 1. Plaintiff has alleged that the R and K Trust performed (by leasing its mineral rights to Defendant), and that Defendant breached (by improperly deducting certain costs and therefore not paying the R and K Trust the full royalty payment). *Id.* ¶¶ 6–8, 16–17, 20–21. Finally, Plaintiff has alleged damage from the breach in the form of insufficient royalty payments. *Id.* ¶¶ 17–19. Because Plaintiff has plausibly alleged all the elements of a breach of contract claim, Defendant's motion to dismiss fails.

---

[2] The Court expresses no opinion on whether the Appeal and subsequent filing of the Complaint in this case have any effect on the applicable statute of limitations.

Defendant disagrees. Defendant argues that Plaintiff has merely regurgitated the language from the lease and has not provided sufficient factual allegations to support her allegation that Defendant breached the contract. According to Defendant, Plaintiff needed to plead what specific deductions she alleges Defendant made and, perhaps, attach a royalty statement. Defendant cites no caselaw supporting its argument that, in an oil-and-gas-lease case, a plaintiff-lessor must allege specific figures in, or attach royalty statements to, the complaint. Nor is the Court independently aware of any such caselaw. Although Plaintiff will need more detailed evidence at summary judgment, at the pleadings stage Plaintiff need only give Defendant "fair notice of what the claim is and the grounds upon which it rests." *Smith v. Bush*, No. 23-1644, 2024 WL 242349, at *3 (6th Cir. Jan. 19, 2024) (cleaned up). The Complaint gives that fair notice and, therefore, Defendant's argument is unpersuasive.

## IV. CONCLUSION

For these reasons, Defendant's motion is **DENIED**. The Clerk shall terminate ECF No. 13.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**