IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TREVA KIRKBRIDE,**

    **Plaintiff,**

                              Case No. 2:23-cv-3212

    v.                          Magistrate Judge Elizabeth P. Deavers

**ANTERO RESOURCES CORPORATION,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court to consider a Partial Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant Antero Resources Corporation ("Antero"). (ECF No. 39.) Plaintiff Treva Kirkbride has filed a response and Defendant has filed a reply. (ECF Nos. 40, 41.) The motion is before the Undersigned for consideration with the consent of the parties. (ECF Nos. 30, 34), 28 U.S.C. § 636(c). For the following reasons, Defendant's Motion (ECF No. 39) is **GRANTED**.

## I.

As Plaintiff explains in her Amended Complaint, she filed a "substantially identical class action complaint against Antero in the case captioned *Kirkbride v. Antero Resources Corp.*, in the Federal District Court for the Southern District of Ohio Case No. 2:22-cv-00251. ("*Kirkbride I*")". (ECF No. 37 at ¶ 23.) On May 9, 2023, Judge Watson dismissed that action without prejudice because Plaintiff did not provide notice, a condition precedent to suit. (*Id*. citing Opinion and Order, ECF No. 40 in *Kirkbride I*). Plaintiff appealed that decision and the United

States Court of Appeals for the Sixth Circuit, in affirming the dismissal for failure to state a claim, set forth the following background.

> As pertinent here, Treva Kirkbride is the lessor and Antero Resources Corporation is the lessee in an oil-and-gas lease that requires Antero to make royalty payments to Kirkbride, as the sole trustee of the R and K Trust. The lease also has a pre-lawsuit-notice provision, which states that "service of said notice shall be a condition precedent to the commencement of any action by [Kirkbride] for breach of any obligation or covenant hereunder and no such action shall be commenced before ninety days from [Antero's] receipt of written notice." On May 24, 2022, Kirkbride sued Antero in federal court, as a putative class action, for breach of contract, claiming that Antero had not paid all of the royalties due under the lease. She did not provide Antero with any notice before filing the lawsuit.

*Kirkbride v. Antero Res. Corp.,* No. 23-3484, 2024 WL 340782, *1 (6th Cir. Jan. 30, 2024).

Before the Sixth Circuit issued its decision, Plaintiff filed the current action on September 29, 2023, asserting that she had complied with the pre-suit notice provision on June 13, 2023. (ECF No. 1 at ¶ 10.)  In her initial Complaint, Plaintiff defined the putative class period to begin on September 29, 2019.  (*Id*. at ¶ 13.)

On May 17, 2024, Plaintiff filed her currently operative Amended Complaint, defining the putative class period to begin on May 24, 2018.  (ECF No. 37 at ¶ 13.)  In her Amended Complaint, Plaintiff invokes the Ohio Savings Statute, Ohio Rev. Code § 2305.19, alleging that the statute applies to save the portion of her breach of contract claim relating to the period between May 24, 2018 and September 29, 2019.  (*Id*. at ¶ 23.)  This is so, in Plaintiff's view, because the dismissal in *Kirkbride I* does not operate as an adjudication on the merits.  (*Id*.)  Thus, according to Plaintiff, pursuant to the Ohio Savings Statute, for purposes of determining the applicable statute of limitations in this case, her original complaint relates back to the May 24, 2022, filing date in *Kirkbride I*.  (*Id*.)

Defendant has moved to dismiss, arguing that Plaintiff is precluded from seeking damages for the period between May 24, 2018, and September 29, 2019, and that any allegations

relating to that period should be dismissed. As Defendant explains, under Ohio law, an action alleging breach of contract under a natural gas lease concerning the calculation or payment of royalties must be brought within four years after the cause of action accrued. Based on Plaintiff's filing date of September 29, 2023, Defendant asserts that the relevant four-year period begins on September 29, 2019.[1] According to Defendant, the dismissal in *Kirkbride I* was a failure upon the merits such that the Ohio Savings Statute does not apply here.

For her part, Plaintiff contends that the decision in *Kirkbride I* cannot be considered a ruling on the merits for two reasons. First, she notes that the previous dismissal was without prejudice. Further, she explains that she now has fulfilled the condition precedent such that the previous ruling was not the "death knell" of her litigation.

## II.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

---

[1] Or, stated another way, any claims arising prior to September 29, 2019, would be untimely.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.  Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III.

The parties' dispute does not warrant lengthy discussion.  The Ohio Savings Statute does not operate to Plaintiff's benefit here.  That statute provides, in relevant part:

4

> (A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Ohio Rev. Code Ann. § 2305.19(A).

Plaintiff's argument that the Court's prior ruling was not an adjudication on the merits is baseless. As the Sixth Circuit has recognized, "conditions precedent are similar to statutes of limitations and a dismissal for failing to comply with a statute of limitations is a decision on the merits for claim preclusion purposes." *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003). Indeed, in arguing otherwise, Plaintiff inaccurately represents the relevant case law.[2] As this Court has explained, "[i]n certain instances, failure to comply with so-called 'technicalities' can constitute dismissal on the merits for res judicata purposes." *United States v. Poulsen*, 501 F. Supp. 2d 1120, 1123 (S.D. Ohio 2007) citing *Mitchell*, 343 F.3d at 821. Stated another way, and contrary to Plaintiff's assertions, "a decision need not reach the substantive aspects of an action in order for it to be "on the merits" for the purposes of res judicata." (*Id.*)

That is the situation here. In its reply, Defendant aptly explains why this is so. According to Defendant

> … Under Ohio law, royalty provisions in oil and gas leases constitute "divisible contracts, with the bar of the statute of limitations running separately from the date of each monthly payment." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 466 (6th Cir. 2013). Following the dismissal of *Kirkbride I*, any of her divisible claims dating back over four years were time barred by the statute of limitations. Even if Plaintiff had attempted to comply with the condition precedent at that time,

---

[2] The Court notes that this is a familiar tactic for Plaintiff. *See Kirkbride,* 2024 WL 340782, at *2 ("That contention is obviously questionable on its face. And none of the five opinions that Kirkbride cites in her brief actually holds any such thing.").

> Plaintiff could only proceed to file a complaint for claims that occurred within the four years prior to the new complaint being filed—such that she was permanently foreclosed from bringing those claims again. *Mitchell*, 343 F.3d at 820.
> …
>
> To be sure, given the divisible nature of Plaintiff's contract claim, the district court dismissed her *Kirkbride I* complaint without prejudice, in recognition that an eventual fulfillment of Plaintiff's contractual duties could permit her to bring at least *some* of her divisible claims again—*i.e.*, those that occurred within four years before the re-filing of the lawsuit. So while, as Plaintiff posits, the dismissal without prejudice was not "final" in the sense that some of Plaintiff's claims could be brought on her underlying theory of breach in a subsequent case, Opp. at PageID #253, it *was* final with respect to the divisible claims that could no longer be timely filed. The fact that the district court did not reach the substance of her claim does *not* change that fact. *E.g.*, *Mitchell*, 343 F.3d at 822.

(ECF No. 41 at 4, 5.)

In sum, a decision on the merits is one that permanently forecloses a party from advancing a claim or defense. *Mitchell,* 343 F.3d 811, 822. *Kirkbride I* permanently foreclosed Plaintiff from asserting claims because of Plaintiff's failure to provide pre-lawsuit notice during the requisite period. Accordingly, the dismissal was a decision on the merits for those specific claims for claim preclusion purposes and the Ohio Savings Statute does not apply to preserve expired claims.

## IV.

For the reasons set forth above, the partial motion to dismiss Plaintiff's First Amended Complaint (ECF No. 39) is **GRANTED**. Plaintiff's claim for the period between May 24, 2018 and September 28, 2019 is **DISMISSSED.**

**IT IS SO ORDERED.**

Date: November 7, 2024          /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE