**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TREVA KIRKBRIDE, <br> as Trustee of the R and K Trust, <br> on behalf of herself and classes of <br> similarly situated persons, <br><br> Plaintiff, <br><br> vs. <br><br> ANTERO RESOURCES CORPORATION, <br> a Delaware corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 23-cv-3212 <br> ) <br> ) <br> ) <br> ) <br> ) |

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Treva Kirkbride, as Trustee of the R and K Trust ("Kirkbride" or "the Trust"), on behalf of herself and the Class described below, pursuant to Federal Rule of Civil Procedure 15(a) and the Court's November 13, 2024 Order, hereby files her Second Amended Class Action Complaint against Defendant Antero Resources Corporation ("Antero"), and alleges:

**PARTIES**

1. Kirkbride is the sole trustee of the R and K Trust, and is a resident and citizen of Ohio. Antero has paid the R and K Trust royalties under a 1988 Lease Agreement, as amended in 2014.

2. Antero is a Delaware corporation, with its principal place of business located at 1615 Wynkoop St., Denver, Colorado 80202.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the dollar amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and because this is a class action in which one or more members of the proposed

Class is a citizen of states other than Colorado and Delaware — the two states of citizenship of Antero.

4. This Court has personal jurisdiction over Antero because Antero has conducted substantial business activities in the State of Ohio, and because the acts and conduct of Antero giving rise to the claims asserted in this Class Action Complaint occurred in the State of Ohio.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged in this Class Action Complaint occurred in this judicial district.

**FACTUAL ALLEGATIONS RELATED TO KIRKBRIDE'S LEASE WITH ANTERO**

6. On October 4, 1988, E. Myron Roe and Loretta W. Roe, husband and wife, as Lessors, entered into an oil and gas lease with the Oxford Oil Company, as Lessee, pertaining to leased premises located in Noble County, Ohio ("1988 Lease"). Prior to May 1, 2018, Antero acquired the Lessee's interest under the 1988 Lease, and Antero has held the Lessee's interest since acquiring it.

7. On August 11, 2014, the 1988 Lease was amended by an "Amendment to Oil and Gas Lease" ("2014 Cost Free Lease Amendment"), under which E. Myron Roe, Darin Lewis Kirkbride, and Kirkbride are identified as Lessors, and Eclipse Resources-Ohio, LLC is the Lessee. The 2014 Cost Free Lease Amendment amended and supplanted the original royalty provision in the 1988 Lease. The royalty provision in the 2014 Cost Free Lease Amendment states:

> Royalty.  In consideration of the premises, the said parties covenant and agree as follows: Lessee shall deliver to the credit of Lessor, in tanks or pipelines, free of all costs and expenses except taxes applicable thereto, a royalty of fifteen percent (15%) of the oil produced. Lessor shall receive on a monthly basis, as a royalty, fifteen percent (15%) of the proceeds realized at the well from the sale of all gas marketed from the premises. Lessee shall have the option to make such payments on a quarterly basis if such monthly net royalty proceeds are less than $100.

> <u>Cost Free Royalty</u>:  It is agreed between the Lessor and the Lessee that, notwithstanding any language herein to the contrary, all royalties for oil, gas, or other production accruing to the Lessor under this Lease shall be paid without deduction, directly or indirectly, for the costs or expenses of Lessee relating to producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas and other products produced hereunder.

(2014 Cost Free Royalty Amendment, ¶ 7).

8. Kirkbride acquired Myron Roe's interests in the 1988 Lease and the 2014 Cost Free Lease Amendment upon Myron Roe's death. In December 2015, Kirkbride and Darin Kirkbride transferred their interests in the 1988 Lease and 2014 Cost Free Lease Amendment into the R and K Trust, with Kirkbride as the sole Trustee of that Trust.

9. The 1988 Lease contains a provision titled "Notice of Noncompliance," which states, in pertinent part:

> <u>If Lessor contends that Lessee has not complied with any of its obligations under this lease, Lessor shall notify Lessee in writing setting forth specifically how Lessee has failed to comply with its obligations. Lessee shall then have ninety days after receipt of written notice to correct or commence to correct all or any of the obligations specified by Lessor.</u> The service of said notice shall be a condition precedent to the commencement of any action by Lessor for breach of any obligation or covenant hereunder <u>and no such action shall be commenced before ninety days from Lessee's receipt of written notice</u>. Neither the service of said notice nor any acts by Lessee after said notice shall be deemed as admission or presumption that Lessee has failed to perform any of its obligations hereunder.

(1988 Lease, p. 3) (emphasis added).

10. In accordance with the above-referenced provision, on June 13, 2023, Kirkbride provided written notice to Antero that Antero had not complied with its royalty obligations under the 1988 Lease by "directly or indirectly deducting expenses related to producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas, and other products produced from wells associated" with the 1988 Lease. In the June 13, 2023 letter, Kirkbride also requested that Antero "remedy its breach by refunding all such deductions, inclusive of interest, from the date of such deductions through the date of refund."

3

11. The June 13, 2023 letter was sent via email to Antero's owner relations department, which is Antero's recommended manner of communication for its royalty owners.

12. On July 25, 2023, counsel for Antero responded to Kirkbride's June 13, 2013 letter. In its July 25, 2023 response letter, Antero acknowledged its receipt of Kirkbride's June 13, 2023 letter and refused to "correct or commence to correct" its continuing violation of its royalty obligations under the 1988 Lease, which the June 13, 2023 letter described in detail.

## **CLASS DEFINITION**

13. Kirkbride brings this action individually and on behalf of a Class of similarly situated persons, defined as:

> All persons to whom Antero has paid royalties at any time since September 29, 2019, under oil and gas lease agreements or overriding royalty agreements covering lands located in the State of Ohio, under which Antero owns, or has owned, the lessee's interest under leases which contain a "Cost Free Royalty" provision, which generally requires:
>
> > …all royalties for oil, gas, or other production accruing to the Lessor under this Lease shall be paid without deduction, directly or indirectly, for the costs or expenses of Lessee relating to producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas, and other products produced hereunder (hereinafter, "Class Leases").
>
> Excluded from the Class are: (1) agencies of the United States of America; and (2) Antero, its current officers and employees.

## **FACTUAL ALLEGATIONS OF THE CLASS**

14. Kirkbride and the other members of the Class are parties to Class Leases under which Antero has paid royalties to them on gas produced by Antero from wells in Ohio subject to a Class Lease.

15. Antero is a lessee or overriding royalty payor, whether by succession or as the original party, under the Class Leases, and has produced natural gas and natural gas liquid products from

wells subject to the Class Leases and paid royalties to Kirkbride and the other members of the Class.

16. Under the "Cost Free Royalty" provision of the Class Leases, Antero, as the Lessee, in its calculation of royalties paid to Kirkbride and the other Class members, is expressly prohibited from deducting, directly or indirectly, costs or expenses relating to producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas, and other products produced from wells drilled subject to a Class Lease.

17. Antero, in its calculation and payment of royalties to Kirkbride and the other members of the Class, has consistently breached its obligations to the members of the Class under the Cost Free Royalty provision of the Class Leases by directly or indirectly deducting, from the selling price of natural gas and natural gas liquid products, various post-production costs that are specifically prohibited under the Class Leases, including gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the gas and other products produced thereunder. As a result, Antero has consistently underpaid the royalties owed to Kirkbride and the other Class members.

18. By underpaying the gas royalties owed to Kirkbride and the other Class members in the manner described above, Antero has breached its contractual obligations to Kirkbride and the other Class members under the Class Leases.

19. As a result of Antero's breaches of its royalty payment obligations under the Class Leases, Kirkbride and the other Class members have sustained substantial damages.

20. None of the Class members or Kirkbride has materially breached an obligation, if any, which such person may have to Antero under a Class Lease, and all conditions precedent, including

the "notice of non-compliance" provision, have been satisfied under the 1988 Lease and the 2014 Cost Free Lease Amendment, with respect to such persons.

21. Kirkbride has performed her obligations and complied with all the terms and conditions of the 1988 Lease, inclusive of the 2014 Cost Free Lease Amendment, and all conditions precedent under the 1988 Lease, inclusive of the 2014 Cost Free Lease Amendment, have occurred or been performed by Kirkbride, including the conditions precedent regarding the breach of contract claims being asserted by Kirkbride against Antero in this litigation.

22. Antero received written notification of the breach of contract claims asserted by Kirkbride in this Class Complaint on or about June 13, 2023, which was more than ninety days ago. Since that date, Antero has not corrected any of the royalty underpayments about which it was notified and has not reimbursed Kirkbride any of the royalty underpayments asserted by Kirkbride against Antero.

## **CLASS ALLEGATIONS**

23. Each of the requirements for certification of a Fed. R. Civ. P. 23(b)(3) Class is satisfied in this case.

24. On information and belief, there are more than one thousand members of the Class who reside in numerous states throughout the United States.

25. The members of the Class are so numerous that separate joinder of all Class members is impracticable.

26. There are questions of law or fact common to the Class, including:

> a. Whether Antero has breached its obligations under the Class Leases by deducting various post-production costs from the sales price of residue gas and natural gas liquid products in its calculation and payment of royalties to Kirkbride and other Class members.

  b. Whether Kirkbride and other Class members are entitled to recover prejudgment interest on the amounts of Antero's royalty underpayments from the date of each such underpayment, and the applicable rate (or rates) of prejudgment interest to be used in determining the amounts of prejudgment interest owed to Kirkbride and other Class members.

27. Kirkbride's claims against Antero are typical of the claims of the other Class members against Antero because each Class member's claims against Antero are identical.

28. Kirkbride will fairly and adequately protect the interests of the Class. Kirkbride is represented by counsel who are skilled and experienced in royalty underpayment class action litigation, and Kirkbride's interests do not conflict with the interests of any of the other Class members.

29. The questions of law and fact common to the Class predominate over any individual questions affecting only individual members of the Class.

30. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## COUNT I- BREACH OF CONTRACT

31. The allegations in Paragraphs 1 through 30, inclusive, are restated and incorporated by reference.

32. At all times relevant hereto, Kirkbride and the other members of the Class were lessors under valid and enforceable Class Leases under which Antero has been obligated to pay royalties, and Antero has paid royalties to the members of Class at various times since September 29, 2019.

33. Antero has breached its contractual obligations to Kirkbride and the other members of the Class under the Class Leases in the manner described above.

34. Kirkbride and the other members of the Class have sustained substantial damages as a direct result of Antero's breaches of its contractual obligations to Kirkbride and the other members of the Class under the Class Leases. Kirkbride and the other members of the Class are entitled to

recover the total amount of royalty underpayments made by Antero since September 29, 2019, inclusive of applicable prejudgment interest through the date of final judgment

## PRAYER FOR RELIEF

WHEREFORE, Kirkbride prays for the following relief:

A. An Order certifying a Fed. R. Civ. P. 23(b)(3) Class, appointing Kirkbride as the Class Representative for the Class, and appointing Kirkbride's attorneys as Class Counsel for the Class.

B. A judgment in favor of Kirkbride and the other Class members on their claims for Antero's breach of the Class Leases, in the full amount of Antero's royalty underpayments through the date of final judgment, plus applicable prejudgment and post-judgment interest;

C. An award of court costs; and

D. Such further relief as the Court deems just.

## JURY DEMAND

Kirkbride and the other members of the Class demand a jury trial on all issues so triable.

Dated: November 19, 2024

*/s/ George A. Barton*
George A. Barton, Mo. Bar No. 26249 (*pro hac vice*)
Stacy A. Burrows, Co. Bar No. 49199 (*pro hac vice*)
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, KS 66205
Phone: (913) 563-6250
Fax: (913) 563-6259
george@bartonburrows.com
stacy@bartonburrows.com

-and-

8

        */s/ Clifford N. Sickler*
        Clifford N. Sickler, 18853
        Sickler Law Office, LLC
        508 North Street
        Caldwell, OH 3724
        740-732-1495
        cliff@sicklerlawoffice.com

        ***ATTORNEYS FOR TREVA KIRKBRIDE,***
        ***AS TRUSTEE OF THE R AND K TRUST,***
        ***AND THE PROPOSED CLASS***

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2024, a true and correct copy of the foregoing was served on the following through the Court's electronic filing system:

Daniel T. Donovan, P.C. (0067833)
Ragan Naresh, P.C. (pro hac vice)
Holly Trogdon (pro hac vice)
Saunders McElroy (pro hac vice)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389 5000
daniel.donovan@kirkland.com
ragan.naresh@kirkland.com
holly.trogdon@kirkland.com
saunders.mcelroy@kirkland.com

Timothy B. McGranor (0072365)
Ilya Batikov (0087968)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216 1008
Tel: (614) 464 6400
tbmcgranor@vorys.com
ibatikov@vorys.com

        */s/ George Barton*

*Attorneys for Defendant*
*Antero Resources Corp.*