# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TREVA KIRKBRIDE, as trustee of the R and K Trust,<br><br>Plaintiff,<br><br>v.<br><br>ANTERO RESOURCES CORPORATION,<br><br>Defendant. | Case No. 2:23-cv-03212<br><br>MAGISTRATE JUDGE ELIZABETH P. DEAVERS |

### DEFENDANT ANTERO RESOURCES CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS-ACTION COMPLAINT

Defendant Antero Resources Corporation ("Antero") responds to the allegations in Plaintiff's Second Amended Class-Action Complaint ("Complaint") as set forth below. Except as otherwise expressly recognized herein, Antero denies each and every allegation. In addition, Antero denies all allegations in the headings and subheadings in the Complaint, unless expressly indicated otherwise. Antero denies each and every allegation contained in paragraphs a–d of Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief in this action.

1. Antero is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 1, and therefore denies same.

2. Antero admits the allegations in paragraph 2.

3. Paragraph 3 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero denies that Plaintiff has satisfied the requirements for subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero does not contest the personal jurisdiction of this Court as the Complaint is currently pleaded.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero does not contest venue in this Court.

6. Antero admits the allegations in paragraph 6.

7. Paragraph 7 references a written document, the contents of which speak for themselves, and Antero denies any allegations inconsistent with the written document.

8. Antero is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 8, and therefore denies same.

9. Paragraph 9 references a written document, the contents of which speak for themselves, and Antero denies any allegations inconsistent with the written document.

10. Paragraph 10 references a written document, the contents of which speak for themselves, and Antero denies any allegations inconsistent with the written document.

11. Antero admits that Plaintiff's counsel sent a letter via email to Antero's owner relations department on June 13, 2023. Antero denies the remaining allegations in paragraph 11.

12. Antero admits that its counsel sent a response to Plaintiff's June 13, 2023 letter on July 25, 2023, and states that the letter informed Plaintiff that Antero has not taken any deductions for post-production costs under Plaintiff's October 4, 1988 lease agreement, as amended in 2014. Antero denies the remaining allegations in paragraph 12.

13. Paragraph 13 does not contain factual allegations to which a response is required. To the extent a response is deemed required, Antero denies that Plaintiff's claim as pleaded in the Complaint satisfies the requirements under Federal Rule of Civil Procedure 23.

14. Antero admits that it has paid royalties to Plaintiff under the 1988 Lease as amended on gas produced by Antero from wells in Ohio. Antero denies the remaining allegations in paragraph 14.

15. Antero admits that it is the lessee under the 1988 Lease as amended and has paid royalties to Plaintiff under that Lease on gas produced by Antero. Antero denies the remaining allegations in paragraph 15.

16. Paragraph 16 references a written document, the contents of which speak for themselves, and Antero denies any allegations inconsistent with the written document.

17. Antero denies the allegations in paragraph 17.

18. Antero denies the allegations in paragraph 18.

19. Antero denies the allegations in paragraph 19.

20. Antero denies the allegations in paragraph 20.

21. Antero denies the allegations in paragraph 21.

22. Paragraph 22 references a written document, the contents of which speak for themselves, and Antero denies any allegations inconsistent with the written document. Antero denies that there are any royalty payment corrections that need to be made.

23. Paragraph 23 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero denies that Plaintiff's claim as pleaded in the Complaint meets any of the requirements set forth in Federal Rule of Civil Procedure 23.

24. Antero denies the allegations in paragraph 24.

25. Paragraph 25 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero denies the allegations.

26. Paragraph 26 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero denies the allegations.

27. Paragraph 27 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero denies the allegations.

28. Paragraph 28 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero denies the allegations.

29. Paragraph 29 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero denies the allegations.

30. Paragraph 30 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero denies the allegations.

31. Antero restates its responses to paragraphs 1-30 and incorporates them by reference.

32. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is deemed required, Antero admits that it has paid royalties to Plaintiff at various times since September 29, 2019 and denies the remaining allegations in paragraph 32.

33. Antero denies the allegations in paragraph 33.

34. Antero denies the allegations in paragraph 34.

**DEFENDANT ANTERO RESOURCES CORPORATION'S AFFIRMATIVE DEFENSES AND OTHER DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS-ACTION COMPLAINT**

Antero asserts the following defenses in response to Plaintiffs' claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Antero conducted its activities at all times in accordance with Plaintiff's and/or putative class members' leases, applicable laws, industry standards and practices, and custom and usage.

3. Antero has properly accounted to Plaintiff and its royalty interest payees and properly paid royalties on all products upon which it is obligated to do so under Ohio law.

4. Antero has fulfilled any and all obligations and duties, both legal and equitable, owed to Plaintiff and/or putative class members.

5. Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the express terms of their respective oil and gas leases.

6. Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the parties' course of dealing.

7. The claims in the Complaint cannot be sustained as a class action and do not meet the requirements of Federal Rule of Civil Procedure 23.

8. Plaintiff's and/or putative class members' claims are barred, in whole or in part, to the extent that they have failed to comply with necessary conditions precedent to filing suit, including, without limitation, the notice or audit provisions of their individual leases.

9. Putative class members' claims are barred, in whole or in part, to the extent that one or more members of the putative class have failed to comply with binding arbitration provisions in their individual oil and gas leases.

10. Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches, waiver, unclean hands, and/or acquiescence.

11. Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the doctrine of ratification.

12. Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the defenses of payment, release, and/or accord and satisfaction.

13. Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the applicable statute of limitations.

14. Plaintiff's and/or putative class members' claims are subject to setoff.

15. Plaintiff's and/or putative class members' claims are subject to recoupment.

16. Plaintiff and/or putative class members would be unjustly enriched if allowed to recover any portion of damages alleged in the Complaint.

Antero has not knowingly or intentionally waived any applicable affirmative defenses or other defenses and reserves the right to assert and rely on any such other applicable defenses as they become known in the course of this proceeding. Antero further reserves the right to amend its Answer and/or defenses accordingly, and/or to withdraw defenses it determines are not applicable during the course of subsequent discovery.

| | |
|---|---|
| Dated: December 3, 2024 | Respectfully submitted, |

/s/ *Daniel T. Donovan, P.C.*
Daniel T. Donovan, P.C. (0067833)
Ragan Naresh, P.C. (*pro hac vice*)
Holly Trogdon (*pro hac vice*)
Saunders McElroy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389 5000
Fax: (202) 389 5200
daniel.donovan@kirkland.com
ragan.naresh@kirkland.com
holly.trogdon@kirkland.com
saunders.mcelroy@kirkland.com

Timothy B. McGranor (0072365)
Ilya Batikov (0087968)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
Tel: (614) 464-6400
Fax: (614) 719-4954
tbmcgranor@vorys.com
ibatikov@vorys.com

*Attorneys for Defendant*
*Antero Resources Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2024, I caused a true and correct copy of the foregoing document to be served on counsel of record via the ECF filing system.

*/s/ Daniel T. Donovan, P.C.*
Daniel T. Donovan, P.C.
